# Vann's Settlement Term Sheet

This binding settlement term sheet is entered into by and between:

A. Richard J. Samson, as Chapter 7 Trustee of the Estate of Vann's, Inc. including as the named fiduciary under the Vann's, Inc. Employee Stock Ownership Plan (the "ESOP"), hereinafter (the "Trustee," the plaintiff in the action entitled *Samson, et al. v. Manlove, et al.*, (the "Litigation") represented by John L. Amsden and Justin Stalpes of Beck & Amsden, pllc and Michael G. Black;

B. Individual plan participates named in the Litigation, represented by Greg Munro;

C. Defendants in the Litigation, including George Manlove, Jill Manlove, Paul Nisbet, Mark Hopwood, Rob Standley, GMP, LLC, JPEG, LLC, GMRP, LLC and Painted Sky, LLC, represented by Shane Coleman of Holland and Hart (Manlove, Nisbet) and Dave Cotner (Hopwood, Standley, ~~Jill Manlove~~, GMP, LLC, JPEG, LLC, GMRP, LLC and Painted Sky, LLC); and

D. Travelers Casualty & Surety Company of America, its parents, subsidiaries and affiliates ("Travelers"), represented by Gary Zadick, which insures some of the Defendants in the litigation for fiduciary and director and officer liability under Wrap+ Policy No. 105671648 ("the Policy")

The following are the material terms of the settlement:

1. Travelers shall pay the remaining limits of the Policy ($15.5 million less "Defense Expenses" as defined in the Policy). The remaining limits under the Policy are estimated to be approximately $7.3 million under the Fiduciary Coverage and approximately $6.2 million under the Directors and Officers Coverage, subject to change due to outstanding and to be incurred Defense Expenses (the "Settlement Amount");

2. The plaintiff parties in the Litigation, on the one hand, and the defendant parties in the Litigation, on the other hand, shall release fully and forever each other from any and all claims, known and unknown, that were or could have been alleged in the Litigation or filed in the Vann's, Inc. bankruptcy proceedings, except that the ESOP shares of Mark Hopwood and Rob Standley shall not be waived, but rather those shares in ~~and to~~ the ESOP shall receive their pro rata share of any distribution from the ESOP as may be determined under applicable law and eligibility rules (Claim Nos. 119, 133). In particular, the ESOP claims of Nisbet and Manlove, all claims of the LLCS of any nature and the severance claims of Manlove and Standley specifically shall be released and withdrawn (if filed);

3. The release for the Defendant parties shall include Travelers using the standard ~~MTDL~~ release language for the release of the insurer;

4. ~~Manlove and Nisbet agree that they shall not hereinafter serve in a fiduciary capacity regulated by ERISA.~~

4. The settlement shall be further documented by the parties' entry into a standard MDTL release, except that there shall be no confidentiality and no indemnification by the attorneys or for attorneys' fees related to any additional action or any alleged liens;

5. Payment of the Settlement Amount shall be made within 30 business days after the later of a final bankruptcy court approval and/or a final bar order issued by the District Court in the Litigation precluding any further litigation against Defendants related to their alleged liability under ERISA, such that any potential claims within the scope of this Agreement by all potential claimants be foreclosed. The release and bar order will include all named Defendants and unnamed officers and directors, including Bill Honzel, Chris Abess, Cameron Lawrence, Pete Vann and John Rogers;



6. The Litigation shall be dismissed with prejudice upon approval of this settlement agreement by the Bankruptcy Court and after the bar order required by Paragraph 4 becomes final;

7. With respect to the Settlement Amount, (1) the remaining amount of the Fiduciary Liability Part of the Policy of approximately $7.3 million (subject to change due to outstanding and to be incurred Defense Expenses) shall be paid to the Trustee as Chapter 7 Trustee and as named fiduciary under the ESOP subject to the claims of the attorneys' fees, costs and statutory trustee fees incurred by the Trustee on behalf of the ESOP, for distribution to the ESOP plan participants as they may be entitled under applicable law and eligibility rules, and (2) the remaining amount of the D&O Liability Part of the Policy of approximately $6.2 million (subject to change due to outstanding and to be incurred Defense Expenses) shall be paid to the Trustee as the Chapter 7 Trustee of Vann's, Inc. for distribution pursuant to the Bankruptcy Code, subject to claims of attorneys' fees, costs and statutory trustee fees incurred by the Trustee; and

8. The Settlement Amount shall be paid into an escrow account to be established by the Trustee.

9. The individual defendants, by signing this Term Sheet, consent to the settlement of this matter and agree that they fully and finally release Travelers from all duties and obligations under the Policy. The individual defendants further agree that they will not submit further notices of claim under the Policy, that the Policy is exhausted and terminated. Individual defendants will sign any necessary further documents to effectuate this paragraph. Travelers shall not seek indemnity or reimbursement from the Defendants for amounts paid under the Policy.

10. The Trustee and his legal counsel shall not publish to the media any information concerning the settlement or case.

*[signature]*, Trustee
Richard J. Samson


Traveler's by:

*[signature]*
George Manlove

*[signature]*
Paul Nisbet

*[signature]*
Jill Manlove

*[signature]*
Mark Hopwood

*[signature]*
Rob Standley

*[signature]*

JPEG, LLC by:

*[signature]*

GMRP, LLC by:

*[signature]*

GMP, LLC by:

*[signature]*

Painted Sky, LLC by:

*[signature]*

---

Vann's Settlement Term Sheet                                    Page 4

*[initials]*

_[signature]_
Individual Plan Participants